UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60202-CR-MARRA



18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981

UNITED STATES OF AMERICA

vs.

**SHELDON SIMON,**

      **Defendant.**

_____/

FILED by _____ D.C.
AUG 14 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The Pink OTC Markets, Inc. is an inter-dealer electronic quotation and trading system in the over-the-counter securities market commonly referred to as the "Pink Sheets."

2. Ecoemissions Solutions, Inc. ("ECMZ") was an Delaware corporation whose common stock was publicly quoted on the Pink Sheets and whose common stock became subject to reporting obligations with the Securities and Exchange Commission ("SEC") under Section 15(d) of the Securities Exchange Act of 1934. Therefore, ECMZ was required to file periodic reports with the SEC disclosing all material facts related to the operation of the company.

3. Defendant **SHELDON SIMON** was a stock promoter for ECMZ.

## COUNT 1
## WIRE FRAUD
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 3 of the General Allegations section of this Information are re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around February 2011, through in or around May 2011, in Broward County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**SHELDON SIMON,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds for the purpose of executing the scheme and artifice.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **SHELDON SIMON** to unlawfully enrich himself by, among other things, engaging in the fraudulent manipulation of ECMZ stock by artificially inflating ECMZ trading volume and stock share price, through, among other means, controlled purchases of ECMZ stock.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme included, among others, the following:

4. In an effort to artificially increase the trading volume and price of ECMZ common stock in the Pink Sheets, **SHELDON SIMON** engaged in a scheme to artificially inflate the ECMZ share price and trading volume in exchange for a kickback.

5. In or around February 2011, in a series of meetings, phone calls, and email communications with a cooperating source ("CS"), **SHELDON SIMON** agreed to manipulate the share price and trading volume of ECMZ stock through a series of controlled purchases of ECMZ stock. The controlled purchases would give the investing public the false impression that ECMZ's stock price was rising and that there was a public market for ECMZ stock.

6. In or around March 2011, **SHELDON SIMON** provided the CS with advance ECMZ press releases which, once released, were designed and issued to give the investing public the false impression that the fraudulent purchases of ECMZ stock were induced by positive news about the company and to conceal the market manipulation scheme from the regulatory authorities.

7. For his role in the scheme, the CS agreed to provide **SHELDON SIMON** 25% of the trading profits the CS made trading ECMZ stock during the scheme.

8. On or about May 6, 2011, the defendant caused ECMZ volume and share price to increase to the point at which ECMZ was trading as high as .49 per share, an increase of .14 per share since May 5, 2011. In telephone calls during that time period, **SHELDON SIMON** told the CS that the increased volume and price was from "his people," and told the CS not to sell so the stock price could continue to rise.

9. On or about May 6, May 9, May 11, May 16 and May 18, 2011, ECMZ issued press releases to the public. The press releases were identical to those that **SHELDON SIMON** provided in advance to the CS in March 2011.

10. On or about May 11, 2011, in a meeting between **SHELDON SIMON** and the CS in Palm Beach County, in the Southern District of Florida, the CS paid **SIMON** $3,000 in cash, telling **SIMON** that the money represented 25% of the $12,000 the CS made trading ECMZ stock during the scheme.

## EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about March 1, 2011, **SHELDON SIMON**, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, to wit, the defendant sent the CS an email containing advance press releases that were to be released to the public during the market manipulation scheme, in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
(18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are re-alleged and by this reference are fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of the offense charged in this Information, the defendant, **SHELDON SIMON**, shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to such violation.

3. The property subject to forfeiture includes but is not limited to the proceeds of the above-referenced fraud in the approximate amount of $3,000.

4

4. If the above-described forfeitable property, as a result of any act or omission of the defendant--

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

SHELDON SIMON,

          **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami    ___ Key West
_X_ FTL      ___ WPB    ___ FTP

New Defendant(s)    Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)        (Check only one)

   I    0 to 5 days    _X_      Petty    ___
   II   6 to 10 days    ___      Minor   ___
   III  11 to 20 days   ___      Misdem. ___
   IV  21 to 60 days   ___      Felony   _X_
   V   61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

                                            _____
                                            ROGER CRUZ
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Florida Bar No. 157971

*Penalty Sheet(s) attached                                                              REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>SHELDON SIMON</u>            **Case No:** _____

Count No.: 1

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** Twenty Years' Imprisonment

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.